ESTATE OF CHARLES H. KORFF V. HENRY BUEKER.

FILED NOVEMBER 22, 1905.   No. 14,009.

1. **Review: LAW OF CASE.** The rulings of the court on the first appeal of a case settle definitely for the purpose of the litigation all questions adjudicated.

2. **Claims Against Estates.** Chapter 28, laws 1891 (Comp. St., ch. 23, sec. 226), has no application to claims pending before its enactment.

ERROR to the district court for Otoe county: PAUL JES-SEN, JUDGE. *Affirmed.*

*John V. Morgan, William Hayward* and *John C. Watson*, for plaintiff in error.

*W. W. Wilson, contra.*

DUFFIE, C.

This is a second appeal of the case reported in 5 Neb. (Unof.) 194. The case was tried a second time in the district court upon the same pleadings and, presumably, upon the same evidence offered by the claimant upon the first trial, the estate failing to offer any evidence in defense of the claim, and relying entirely upon the statute of limitations, and upon chapter 28 of the laws of 1901 requiring a claim against the estate of a decedent, whether due or to become due, to be exhibited to the judge or commissioners within the time limited by the court for that purpose or to be forever barred, and providing further that a claim shall be barred if the claimant shall fail for two years after the death of the decedent to apply for or take out letters of administration on the estate of such deceased person, or to cause such letters to be taken out.

Relating to this statute it is sufficient to say that it did not go into effect until sometime after the appointment of an administrator for the estate of Charles H. Korff, and that within a short time after the appointment of an

administrator Bueker filed his claim. It is evident that the statute has no application in this case. The same questions discussed on the former appeal are again urged upon our attention. If we were in any way doubtful of the correctness of the former opinion, we could not in this case apply a different doctrine. The conclusions arrived at on the former appeal have become the law of the case and must be adhered to. Not only is this the rule which must govern, but a reexamination of the questions discussed in the former opinion have satisfied us that the case was correctly disposed of, and the law properly applied to the facts under consideration. We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.